## HERBERT et al. v. SUPERIOR COURT OF FRESNO COUNTY.

### S. F. No. 4810; May 21, 1907.

#### 91 Pac. 800.

**Counties—Division—Election.—The Provision of the Statute for Submission** to the voters of the district affected by the question of detachment from a county, requiring the election to be held within sixty days after the organization of the special commission, is directory merely, so that, if the election within that time is prevented by injunction, it may be held at a reasonable time after the injunction is removed.

**Certiorari.—The Right of Appeal from the Granting of an Injunction** excludes the right to a writ of certiorari.

**Prohibition—Remedy by Appeal.—Writ of Prohibition** will not be granted, where, by appeal, which can be advanced to a speedy hearing, the whole case can be taken up and reasonably decided on the merits.

Application by J. W. Herbert and others for writ of prohibition to the superior court, Fresno county; Hon. H. Z. Austin, Judge. Writ denied.

Hannah & Miller and C. G. Lamberson for petitioners; Frank H. Short for respondent.

BEATTY, C. J.—The court has had this matter under advisement, and we are all of the opinion that the provision of the statute for submitting to the voters of the district affected by the question of detachment from Fresno county, requiring the election to be held within sixty days after the organization of the special commission, is directory merely; that it is not essential that the election should be held within sixty days; and that, if it is prevented by the injunction, it may be held afterward, at any reasonable time after the injunction is removed. We are satisfied also that it was an error on the part of this court to issue the writ of certiorari in this case; the fact being that there is an appeal from the injunction, and the right to appeal excluding the right to a writ of certiorari.

As to the writ of prohibition, we think that is unnecessary and inadvisable under the circumstances, because by an appeal from the order granting an injunction, which would be advanced to a speedy hearing by the court on the application of either party, we can take up the whole case and decide it on its merits before any election is held, and thus prevent any complications which are apprehended by reason of the holding of an election while the question is undetermined as to whether the act is constitutional or not. For these reasons we have decided to set aside the writ of certiorari granted in the case and to deny the writ of prohibition, suggesting to the parties that they bring the matter up by an appeal as speedily as they like, when the court will advance it to an early hearing, that it may be decided at once upon the merits, and the election held as soon afterward as the necessary arrangements can be made.

The order of the court is: The writ of certiorari be discharged, and writ of prohibition denied.